Slanina v. Indust. Com. Dock. 5 Abs. 344; No. 20549; judg. aff. 5 Abs. 733; OS. 5 Abs. 734; 117 OS. 172★.

Smith et v. Buck. (See reverse). Dock. 5 Abs. 823; No. 20867.

Spitzer et v. Mass. Institute of Tech. (See reverse.) Dock. 5 Abs. 604; mo. cer. ov. 6 Abs. 13.

State v. Allen. (See reverse.) Dock. 5 Abs. 300; No. 20506; mo. cer. al. 5 Abs. 400; judg. rev. 6 Abs. 13. 6 Abs. 15.

Stare ex Mid. West. Film Ex. v. Clifford. Dock. 6 Abs. 13; No. 20886.

State v. Lengel. Dock. 5 Abs. 781; No. 20827; mo. to stay denied; 5 Abs. 781; mo. for lv. file pet. in er. ov. 6 Abs. 13.

State ex Johnson & Higgins v. Safford. Dock. 5 Abs. 669; No. 20769; demur. to pet. sus. 6 Abs. 13; in Mandamus, writ denied, 6 Abs. 13. OS. 6 Abs. 15.

State ex Marsh & McLennon Co. v. Safford. Dock. 5 Abs. 669; No. 20770; Demur. to pet. sus. 6 Abs. 13; in Mandamus; writ denied, 6 Abs. 13. OS. 6 Abs. 15.

State v. Williams. (See reverse.) Dock. 5 Abs. 300; No. 25007; mo. cer. al. 5 Abs. 400; judg. rev. 6 Abs. 13. OS. 6 Abs. 15.

Sutherland v. Cleve. Ry. Co. (See reverse.) OA. 5 Abs. 791.

Sylvania Dev. Co. v. Start et. OA. 5 Abs. 328; 25 Oh. Ap. 194★.

Syndicate Coal Co. v. Dixon et. OA. 6 Abs. 10; 24 Oh. Ap. 467★.

Tax Comm. v. Christian. Dock. 5 Abs. 446; No. 20615; mo. cer. ov. 6 Abs. 13.

Terihay v. Blossom, Rosenblum, Klein & Co. Dock. 5 Abs. 797; No. 20844; mo. cer. ov. 6 Abs. 13.

Thomas v. Black, Jr. Dock. 5 Abs. 781; No. 20820; mo. cer. al. 6 Abs. 13.

West Side Motor Co. v. Politz Bros. OA. 6 Abs. 9.

Whitaker-Glessner Co. v. Strick, Admr. Dock. 5 Abs. 344; No. 20546; mo. cer. ov. 5 Abs. 419.

Whitmore v. Stern. et. OA. 5 Abs. 393; 25 Oh. Ap. 184★.

Williams v. State. OA. 5 Abs. 227. (See reverse.)

Youngstown & Suburban Ry. Co. v. Faulk. Dock. 5 Abs. 749; No. 20804; mo. cer. al. 6 Abs. 13.

Zangerle, Aud. et. v. State ex Gallagher. Dock. 6 Abs. 13; No. 20875.

# DO IT NOW!

PUT THE ABSTRACT ON YOUR PROGRAM for METHODICAL READING, if you want to get the Most Out of it.

The Abstract differs from a legal Text Book, designed only for occasional peep intos when a reference is sought.

# SYLLABI

SYNDICATE COAL CO. v. DIXON et.

Ohio Appeals, 4th Dist., Vinton Co.

O. E. Vollenweider, McArthur and Hayes & Barnes, Wilmington, for Coal Co.

F. Weinrich, McArthur, for Dixon.

1085. SERVICE OF PROCESS—619. Immunity — 1273. Witnesses—1228. Vendor's Lien—1247. Waiver.

MAUCK, J.

1. Immunity from process, enjoyed by witness or suitor while attending court, extends to corporation of which such witness or suitor may be an officer or agent for service.

2. Right to sue and get service, as fixed by statute, is subject to implied immunity running to those persons who are brought within jurisdiction by necessities of other litigation.

3. Rule that right to sue and get service is subject to implied immunity to persons brought within jurisdiction by other litigation, is not arbitrary, but rests on principle that one is not to be put in terror of becoming involved in litigation in jurisdiction other than that of his residence by going into such jurisdicton to attend trial as suitor or witness.

4. In suit to foreclose vendor's lien against corporation, brought in county where land was situated, under 11268 GC., summons for which, under 12282 GC. would issue to county where corporation had its home, president of corporation did not acquire immunity from service in foreclosure suit when he entered county where land was situated as witness in another case, since such service could have been had at any time, and hence court properly overruled motion to quash service of process on president while in county.

5. In suit to foreclose vendors' lien for unpaid note given for balance of purchase price of land, renewal of purchase money note with change of rate of interest did not evidence purpose by vendors to waive their lien.

(Middleton, J., concurs. Sayre, PJ., not participating.)

For reference to full opinion, see Omnibus Index, last page, this issue.